*514 OPINION.
Korner, Chairman:
It is apparent that the Commissioner’s letter of March 12, 1926, constituted only a voluntary abatement of prior *515 assessments pursuant to his allowance of special assessment. under the provisions of sections 327 and 328 of the Revenue Act of 1918. It was not in any sense a rejection in whole or in part of a claim in abatement against such assessment, for no claim in abatement had been, or has since been, filed. The petitioner had protested the jeopardy assessment made in March, 1925, and had applied for special assessment. The letter of March 12, 1926, advised the petitioner of the abatement growing out of the allowance of its application.
The letter of May 14, 1926, was but a reiteration and affirmation of the action theretofore taken of which petitioner had been notified on March 12, 1926. It should be noted that the letter of May 14, 1926, was in no sense an advice of action taken with respect to an abatement claim. It could not have amounted to the determination by the Commissioner of a deficiency, for the reason that no claim in abatement of the outstanding assessment had been filed.
Section 283 (k) of the Revenue Act of 1926 continues the procedure outlined in the Revenue Act of 1924 with respect to appeals following jeopardy assessments made under the provisions of the Revenue Act of 1924. Under that procedure the right of the taxpayer to appeal to the Board is based solely on the final determination by the Commissioner of a deficiency in his rejection of a proper claim in abatement, filed within 10 days of the receipt of the collector’s notice and demand for the tax so assessed. Since no such claim was ever filed by this taxpayer, the letter of May 14, 1926, does not constitute such a final determination of deficiency, and no appeal lies to the Board therefrom.

Motion granted. Proceeding dismissed.